EUGENE G. IREDALE: SBN 75292
JULIA YOO:  SBN 231163
GRACE JUN, SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525   FAX: (619) 233-3221

Attorneys for Plaintiffs Estate of Angel Lopez *et al.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE ESTATE OF ANGEL LOPEZ, by its successor in interest Lydia Lopez; LYDIA LOPEZ, in her own right; and ANGEL LOPEZ JR. AND HECTOR LOPEZ, by and through their guardian *ad litem*, LYDIA LOPEZ,<br>　　　　　Plaintiffs,<br>v.<br><br>CITY OF SAN DIEGO, and KRISTOPHER WALB,<br><br>　　　　　Defendants. | CASE NO. 13-CV-2240-GPC-MDD<br><br>**PLAINTIFFS' BRIEF ON FACTUAL SUBMISSIONS RE: QUALIFIED IMMUNITY**<br><br>Date: August 14, 2017<br>Time: 1:30 .pm.<br>Court Room: 2D<br><br>Judge: Hon. Gonzalo P. Curiel<br>Trial: August 23, 2017 |

There is no need for detailed questions of specific factual findings to be submitted to the jury in this case in order for the Court to rule on any issue of qualified immunity. The jury's finding of liability for excessive force after receiving proper instructions on the legal standard applicable to excessive force is all that the law requires. This case is not the unusual case in which qualified immunity will turn on the resolution of a specific and discrete factual issue. Rather, the determination under the totality of circumstances by a properly instructed jury will dispose of the qualified immunity issue. In *Tortu v. Las Vegas Metro Police Department* 556 F.3d 1075 (9th Cir 2009), the Court suggested that since qualified immunity is an issue of law, it should be raised by way of motions under 50(a) and 50 (b) of the Federal Rules of Civil Procedure. 556 F.3d at 1083. See also *A.D. v. State of California Highway Patrol* 712 F.3d 446 (9th Cir 2013).

Submission of discrete specific factual inquiries on the verdict form invites error. First, because the legal standard is based on the totality of facts, tens or scores of specific factual issues could be propounded. Second, any limitation to a discrete issue runs the risk of focusing jury attention on a single issue as opposed to the totality, and would effectually steer the jury's deliberation by emphasizing certain facts and issues to the exclusion of others. Third, this case is not one of the unusual cases in which a specific finding of fact will be determinate on the legal issue of qualified immunity. This case involves the application of well known, well established principles a standard form of case: excessive force.

The jury's only role is to determine whether a constitutional right has been violated; whether the right was clearly established is an issue of law for the court. *Ruff v. County of Kings* 2009 U.S. Dist. LEXIS 110638 (E.D.CA 2009). Here, if the jury finds that based on the totality of the circumstances Walb used excessive force, the decision of whether the law was clearly established is solely for the court.

1  The defendants' proposed verdict form on this issue illustrates the problems
2  caused by submission of such multiple questions.  Defendants have focused on
3  factual issues in a peculiarly argumentative, one-sided fashion.  Plaintiffs
4  submission of such multiple and argumentative questions will result in a byzantine,
5  lengthy verdict form which will confuse rather than enlighten.

7  Dated:  August 11, 2017                Respectfully submitted,
8                                          IREDALE AND YOO, APC

10                                          s/ Eugene Iredale
                                            EUGENE IREDALE
11                                          JULIA YOO
                                            GRACE JUN
12                                          *Attorneys for Plaintiffs*