EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
GRACE JUN, SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525   FAX: (619) 233-3221

Attorneys for Plaintiffs Estate of Angel Lopez *et al*.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ANGEL LOPEZ, by its successor in interest Lydia Lopez; LYDIA LOPEZ, in individual in her own right; and ANGEL LOPEZ JR. AND HECTOR LOPEZ, by and through their guardian *ad litem*, LYDIA LOPEZ,<br>       Plaintiffs,<br>v.<br><br>CITY OF SAN DIEGO, KRISTOPHER WALB, and DOES 1-30,<br>       Defendants. | CASE NO. 13-CV-2240-GPC-MDD<br><br>**RENEWAL OF MOTION FOR MISTRIAL** |

Plaintiffs renew their heretofore made motion for mistrial in this case. One of the grounds for this renewed motion is the admission of negative character evidence relating to decedent far beyond the information defendant Walb testified he had at the time of the shooting. This evidence includes: decedent had a conviction for an ADW charge, for previous "violent" offices, was a member of a "gang," was related to Apartment 58 in which a shotgun was located, and had conviction(s) for controlled substance and possession of firearms offenses. The

defendants elicited this information from multiple witnesses. It was admitted over plaintiffs' objections for a limited purpose, i.e. to show the reason for the non-shooting officers' actions. Despite this specific limitation on the admission, defendants repeatedly argued these items for the truth of the matter. Further, defense counsel misstated the extent of Walb's knowledge by conflating the statements of officers who were at a briefing Walb never attended, with Walb's more limited information based on a cursory roadside briefing by Sgt. Ramsay. The hearsay evidence was inadmissible because the reasons for the non-shooting officers' actions are not in issue, and the prejudice of such information is unduly prejudicial under FRE 403.

There is an additional basis for this renewed motion. Defendants' counsel chose to repeatedly impugn plaintiffs' counsel's honesty before the jury, often in ways that were entirely misleading and unfair. One example was with respect to the mannequin. Dr. Morhaime testified, outside the presence of the jury, that she had placed two probes in the mannequin to approximate the wound paths of the two back wounds of decedent. Mr. Martini testified that the two probes had been placed by Dr. Morhaime and that they represented the wound paths and were consistent with his understanding. When the mannequin was displayed before the jury in closing argument, defense counsel exclaimed that there was a second probe that had been added after the original showing or words to that effect. This was false. Defense counsel had viewed the mannequin after Dr. Morhaime placed the two probes she had seen it in court during Mr. Martini's testimony. The false imputation of evidence tampering made without any basis constitutes serious and prejudicial misconduct.

In her argument, defense counsel faulted plaintiffs' counsel for misleading conduct for displaying the mannequin in a face-down position on the floor, instead of in the angular position of the torso when decedent was shot, again impugning counsel's honesty. The display of the mannequin only in a standing or kneeling

position was done because defense counsel had strenuously objected to any display of the mannequin in a kneeling or angular position, allegedly because the mannequin was not the same height as decedent.  Plaintiffs' counsel agreed that whenever the mannequin was to be displayed, he would do so with it only in a standing posture perpendicular to the ground or a face down posture on the ground. The colloquy regarding the display only in a standing or face down position took place outside the jury's presence.  Knowing this, defense counsel argued that plaintiffs had misleadingly displayed the mannequin in a flat face down posture instead of in the actual position in which decedent was shot.  When plaintiffs' counsel objected, the Court overruled the objection.

Because the press of court business precluded counsel from explaining this to the Court on the morning of September 1, plaintiffs are filing this written motion.

Defense counsel repeatedly engaged in forensic misconduct.  Despite the Court's repeated admonitions not to do so, defense counsel argued over and over her personal opinions and beliefs regarding evidentiary matters, issues of witness credibility, issues of character, the qualifications and honesty of expert witnesses, and the appropriate verdict in the case.  The Court's repeated admonitions to defense counsel and plaintiffs' multiple objections were for naught.  Defense counsel ploughed ahead, arguing her personal opinions and beliefs on the specific case issues throughout.  Defense counsel's insistence on this improper argument was deliberate misconduct.  It has caused substantial prejudice.  The plaintiffs have moved for a mistrial on the basis of the misleading attacks on plaintiffs' counsel and the arguments of personal belief and conviction by defense counsel.  In the alternative, plaintiffs respectfully request a curative instruction to the jury that the attacks on plaintiffs' counsel were unfounded, and that they are to disregard defense counsel's assertions of personal opinion or belief.


| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 1, 2017 | Respectfully submitted, |
| 3 | | IREDALE and YOO, APC |
| 4 | | By *s/ Eugene Iredale* |
| 5 | | Eugene G. Iredale |
| 6 | | Julia Yoo |
| | | Attorneys for Plaintiffs |