MARA W. ELLIOTT, City Attorney
GEORGE F. SCHAEFER, Assistant City Attorney
RAYNA A. STEPHAN, Chief Deputy City Attorney
California State Bar No. 135001
KATHY J. STEINMAN, Deputy City Attorney
California State Bar No. 221344
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile:  (619) 533-5856

Attorneys for Defendants
City of San Diego and Kristopher Walb

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF ANGEL LOPEZ; LYDIA LOPEZ; ANGEL LOPEZ, JR.; AND HECTOR LOPEZ, BY AND THROUGH THEIR GUARDIAN AD LITEM, LYDIA LOPEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; KRISTOPHER MICHAEL WALB, AND DOES 2-30,<br><br>    Defendants. | Case No.  13cv2240 GPC (MDD)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S RENEWAL OF MOTON FOR MISTRIAL** |

Plaintiffs have made what they admit is a "renewed" motion for a mistrial. Throughout the course of the trial on this matter, Plaintiffs have tried again and again to move for a mistrial despite having no basis for doing so. Each time, the Court has denied such motions, to include an essentially identical motion made by Plaintiffs' counsel immediately after closing arguments concluded and this matter was submitted to the jury. The current motion, like the previous motions, have no basis and thereby should be denied.

As the Ninth Circuit held in *Doe v. Glanzer*, 232 F.3d 1258, 1271 (9th Cir. 2000), "[a] few sustained objections dispersed over the course of a trial, coupled

with limiting jury instructions [as happened here], cannot suffice to meet the high 'permeation' standard necessary to invalidate the verdict of a trial." Plaintiffs have failed to establish that they are entitled to a new trial absent a showing of "plain or fundamental error." (*See, Settlegoode v. Portland Pub. Schs.*, 371 F.3d 503, 517 (9th Cir. 2004); *see Hemmings v. Tidyman's Inc*., 285 F.3d 1174, 1193 (9th Cir. 2002) ("Plain error is a rare species in civil litigation, encompassing only those errors that reach the pinnacle of fault ....") (internal quotation marks and citation omitted).

To win the *extraordinary* remedy of a mistrial, the moving party must establish that opposing counsel's alleged misconduct so permeated the entire trial to "provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." (*Doe v. Glanzer*, 232 F.3d at 1270 (affirming denial of motion for mistrial); *McKinley v. Eloy*, 705 F.2d 1110, 1117 (9th Cir. 1983) (quoting *Standard Oil Co. v. Perkins*, 347 F.2d 379, 388 (9th Cir. 1965)). The standard for granting a mistrial is extremely high. (*Glanzer*, 232 F.3d at 1270-1271). A district court's denial of a motion for mistrial is reviewed for abuse of discretion. (*McKinley*, 705 F.2d at 1117). The Ninth Circuit uses this deferential standard, because the "trial court is in a far better position to gauge the prejudicial effect of improper comments than an appellate court which reviews only the cold record." (*Kehr v. Smith Barney, Harris Upham & Co*., 736 F.2d 1283, 1286 (9th Cir. 1984).

Importantly, where the alleged misconduct occurs primarily during opening statement or closing argument, motions for mistrials are rarely granted. (*See, e.g., Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d at 1286 (affirming denial of mistrial, in part, because "offending remarks occurred principally during opening statement and closing argument"); *Cooper v. The Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1107 (9th Cir. 1991) ("alleged misconduct occurred only in the argument phase of trial")).

Where, as in this case, the Court issued a special or "limiting" instruction to cure any alleged misconduct, there is a strong presumption that the jury followed that instruction. (*See, Greer v. Miller*, 483 U.S. 756, 767 n.8 (1987); *Glanzer*, 232 F.3d at 1270; *United States v. English*, 92 F.3d 909, 912 (9th Cir. 1996)). When a district court deals with allegedly improper attorney comments by issuing a corrective court instruction, those comments generally cannot support a motion for mistrial, since 'ordinarily, cautionary instructions or other prompt and effective actions by the trial court are sufficient to cure the effects of improper comments.' (*See, United States v. Nelson*, 137 F.3d 1094, 1106 (9th Cir. 1998)).

Here, Plaintiffs simply rehash the basis for their motion for mistrial to include largely generalized allegations based upon the closing arguments of Defendants' counsel. Plaintiffs did not meet their extremely high burden of proof to show that a mistrial is warranted or that Plaintiffs have in any way been prejudiced by any statements alleged to have been made by Defendants' counsel during closing arguments.

Moreover, this Court already rejected Plaintiffs' several motions for mistrial, to include the motion they made after closing arguments and after this case was submitted to the jury.  In so doing, the Court did not note that any alleged argument in closing was sufficient to influence the jury. These are matters that fall within the trial court's firm discretion, and reviewing courts generally defer to the trial court's rulings and impressions.

Although Plaintiffs suggest that Defendants' closing argument was somehow prejudicial or inappropriate, all such allegations are either misplaced or simply erroneous.  All the statements delivered by Defendant's counsel in closing arguments were provided in good faith at the time they were given, and there was no intention to deliver any erroneous information.  In addition, the Court instructed the jury multiple times, that arguments of counsel are not evidence and should be

treated accordingly, and that if arguments by counsel regarding evidence are wrong or contrary to their memories, that they should rely on their memories.

In this case, the Court issued corrective instructions whenever any objection by Plaintiffs' counsel was sustained, thereby addressing any possible prejudice in the jury over any argument that may have been inadvertently provided in error. The Court's instruction to the jury that attorney arguments are not evidence are "strongly presumed" to be effective.  As such, Plaintiffs' arguments have no merit.

Moreover, the right to argue a case to the jury is very broad. Counsel may state his or her views as to what the evidence shows and the conclusions to be drawn therefrom. (*Chicago & N.W. Ry. Co. v. Kelly* 84 F2d 569, 576 (8th Cir. 1936)). Counsel may argue legitimate and reasonable inferences drawn from the facts in evidence. (*Chicago & N.W. Ry. Co.*, 84 F2d at 573; *Walden v. Illinois Central Gulf R.R.* 975 F2d 361, 365-366 (7th Cir. 1992); *United States v. Ruiz* 710 F3d 1077, 1082-1083 (9th Cir. 2013)). Counsel may expound any theory reasonably supported by evidence introduced at trial. (*See Harris v. Pacific Floor Mach. Mfg. Co.* 856 F2d 64, 68 (8th Cir. 1988)).

Here, Plaintiffs complain of a vague list of alleged issues with the closing arguments made by Defendants' counsel.  Plaintiffs completely ignore that the Court specifically gave limiting instructions to the jury during closing arguments that the arguments of counsel are not evidence and should be treated as such. The Court also gave an instruction to the jury that they should rely on their memories of the evidence if different than counsels' arguments. Such limiting instructions in and of themselves are sufficient to cure any alleged prejudice Plaintiffs claim they suffered.  Moreover, the Court considered and denied Plaintiffs' motion for a mistrial made on the same basis immediately after closing arguments were completed. This further supports the conclusion that the Court, having just heard the closing arguments and alleged offending statements of counsel, found no basis for concluding that the jury would be substantially prejudiced by what was said.

1  Plaintiffs point to no evidence of jury prejudice. Significantly, Plaintiffs' counsel
2  had the opportunity to correct any of the arguments alleged to have been improperly
3  made by Defendants' counsel during their closing, but failed to do so.  Instead,
4  Plaintiffs' attorney dedicated a large part of his rebuttal closing to introduce
5  essentially new evidence - blood spatter evidence - over which there was no
6  appreciable evidence or expert testimony introduced during trial, and to ask the jury
7  to render a verdict that would teach Officer Walb a lesson.

8       Plaintiffs claim that a basis for their motion for a mistrial is the admission of
9  negative character evidence relating to decedent beyond the information Officer
10 Walb testified he knew at the time of the shooting.  Yet, the information presented
11 to the jury in the closing about Lopez is the same as the information Officer Walb
12 testified he was aware of at the time of the shooting. Among other information,
13 Walb testified he was aware that a shotgun was related to apartment 58 at the time
14 of the shooting.  Further, Walb testified that he knew of gang-style tattoos but not a
15 particular gang set; he understood Mr. Lopez to be related to a cartel, which to him
16 was the same as a "gang", if not worse; and testified that he recognized the tattoos
17 he saw on the photo he was shown of Mr. Lopez as being those indicative of
18 someone in a gang.

19      Plaintiffs point to closing argument statements which allegedly indirectly and
20 supposedly impugned Plaintiffs' counsel.  These references lack support. The
21 comments made as to the mannequin, were made in good faith at the time they were
22 given, and there was no intention to deliver any erroneous information. In one
23 instance, the Court sustained Plaintiffs' objection followed by the Court's
24 immediate instruction to the jury that the arguments of counsel were not to be
25 considered "evidence", and in another instance, the Court overruled plaintiffs'
26 objection over the mannequin's position, implying the Court's recognition that the
27 jury could have been misled by the positioning of the mannequin on the ground as
28 it was.

5

1 It is true that Defendants' counsel used inadvertently the terms "I believe" or "I think" during closing arguments. This was not intended to suggest counsel's own personal opinions to the jury. Rather, these were colloquial type phrases made during closing argument. The Court, nevertheless, provided curative instructions to the jury that the arguments of counsel were not evidence and should be considered as such. Such instructions are more than sufficient to cure any alleged prejudice to Plaintiffs. (*See, e.g., Official Airline Guides, Inc. v. Goss* 6 F3d 1385, 1396 (9th Cir. 1993)(curative instruction eliminated any potential for prejudice).

Here, Plaintiffs have failed to show anything so dire as to implicate Plaintiffs' "substantial rights" has transpired. Further, the Court provided instructions to the jury throughout the closing arguments of both Plaintiffs' counsel and Defendants' counsel which would cure any alleged issue with respect to any arguments made. The Court instructed the jury that arguments of counsel were not to be considered evidence and thereby the arguments should be treated as such. Further, the Court instructed the jury that they should rely on their memory of the evidence over arguments. This is sufficient under the law as noted above. The Court must, as noted above, presume that the jury followed its instructions and will follow the law. Finally, Plaintiffs' counsel had the opportunity in their rebuttal closing to address any of the alleged perceived issues, but failed to do so. Plaintiffs have failed to meet their very high burden on this motion to show that the jury is influenced by passion and prejudice in reaching its verdict. The motion should be denied.

Dated: September 5, 2017      MARA W. ELLIOTT, City Attorney

By */s/ Rayna A. Stephan*
　　Rayna A. Stephan
　　Chief Deputy City Attorney

Attorneys for Defendants
City of San Diego, Kristopher Walb
RStephan@sandiego.gov